EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.M.T., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; DARREN | ) |
| LEWIS, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1.     S.M.T. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for over a year.

2.     While housed at FCI Dublin, S.M.T. was sexually abused by correctional officer Darren Lewis.

3.     Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

*S.M.T. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

4. Plaintiff S.M.T. is experiencing long-lasting traumatization as a result.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff S.M.T. will be filing an administrative motion to relate this case to those other cases.

**PARTIES**

9. Plaintiff S.M.T. was at all times relevant hereto incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Darren Lewis was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff S.M.T. Plaintiff S.M.T. was dependent upon Defendant United States for her personal security and necessities.

13. In performing the acts and/or omissions contained herein, Defendant Lewis acted under color of federal law, and Plaintiff S.M.T. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff S.M.T. Defendant United States knew or should have

known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff S.M.T. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff S.M.T. and to ensure her rights to safety from sexual abuse.

**FACTS**

14. From March 2023 through April 2024, Plaintiff S.M.T. was incarcerated at FCI Dublin.

15. When Plaintiff S.M.T. entered BOP custody at FCI SeaTac, she was abruptly denied medication that she had been taking, including psychotropic medication. The denial caused severe mental distress, which is a known and expected consequence of abrupt discontinuation of these medications.

16. Plaintiff S.M.T. was crying, pacing, and ripping out her hair. She was involuntarily rocking back and forth and was incapable of speaking.

17. As a result of these involuntary behaviors, she was placed on suicide watch.

18. She was still denied her medications.

19. She spent several days vomiting, crying, and defecating on herself as a result.

20. When she was finally moved to general housing at FCI SeaTac, she was disoriented from the intentional denial of her medications.

21. She was assigned to a top bunk.

22. On the first night, Plaintiff S.M.T. fell from the top bunk,

23. She hit her head and injured her right hip, arm, elbow, and shoulder.

24. She was never given a full set of x-rays to examine her injuries, and she was not provided with any medical treatment or pain management.

25. When she arrived at FCI Dublin, Plaintiff S.M.T. was still in need of medical care.

26. At her sentencing in January 2023, Plaintiff S.M.T.'s attorney explained to the judge that the Bureau of Prisons was unable to protect women from sexual abuse, citing the rampant sexual abuse at FCI Dublin, which by that time was openly known as "the Rape Club".

27. The Assistant United States Attorney acknowledged that its office could not guarantee her safety.

28. As a result of this, Plaintiff S.M.T. was terrified of being housed in FCI Dublin.

29. Her nightmares were realized when she arrived.

30. Plaintiff S.M.T. was housed in a unit with Defendant Lewis. Defendant Lewis appeared to take pleasure in intimidating the women in his custody.

31. He often focused his intimidation on the elderly prisoners, which scared Plaintiff S.M.T. because they seemed very vulnerable to her.

32. Plaintiff S.M.T. was afraid to report this.

33. She regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the Special Housing Unit ("SHU"), or loss of good-time credit resulting in a longer BOP sentence.

34. On January 28, 2024, around approximately 11 am to noon, Plaintiff S.M.T. was in her cell using the toilet.

35. Defendant Lewis pushed open her cell door, catching Plaintiff S.M.T. with her pants down and genitalia exposed. Plaintiff S.M.T. attempted to pull up her pants and cover herself, but he ordered her to stop.

36. He called her "bitch" and then yanked her up by her throat, pushed her against the wall, and shut the cell door.

37. Defendant Lewis unfastened his pants and digitally penetrated S.M.T.'s vagina. She begged him to stop, but he told her that he would do whatever he wanted and that this was the only thing she deserved.

38. He removed his fingers from her vagina.

39. While keeping her pinned against the wall with one hand, Defendant Lewis masturbated.

40. Plaintiff S.M.T. was frozen with fear.

41. When he finished masturbating, Plaintiff S.M.T. stayed pinned to the wall until he left her cell.

42. Defendant Lewis warned her against reporting his sexual abuse. He told her that if she did, she would never leave prison. He told her no one would believe her.

43. Because Plaintiff S.M.T. had observed other prisoners being retaliated against for reporting, she heeded Defendant Lewis' warning and did not tell anyone about the assault.

44. She continued having to interact with Defendant Lewis and was terrified every time.

45. Defendant Lewis's conduct towards Plaintiff S.M.T. and others was overt and obvious.

46. Plaintiff S.M.T. lived in fear of Defendant Lewis and experienced great anxiety, fear, shame, and embarrassment over what he did to her.

47. She never felt safe at FCI Dublin.

48. Plaintiff S.M.T. has been able to see a therapist who has provided her with some help, but she is still navigating the post-traumatic stress disorder ("P.T.S.D."), complex P.T.S.D., nightmares, intrusive thoughts, disassociation, insomnia, anxiety, fear, shame, and embarrassment that resulted from Defendant Lewis' victimization of her.

49. Now that she is released from prison, she is also able to get medical treatment for the injuries that she suffered from her fall at SeaTac, including physical therapy to improve her mobility and pain management.

## EXHAUSTION

50. On October 11, 2024, Plaintiff S.M.T., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

51. The BOP acknowledged receipt on October 23, 2024.

52. On January 31, 2025, Plaintiff S.M.T., through counsel, mailed an amended administrative claim under the FTCA to the BOP's Western Regional Office.

53. The BOP acknowledged receipt of the amendment on February 7, 2025.

54. The BOP has not substantively responded to her claim or amendment.

//

//

//

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

55. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

56. Plaintiff S.M.T. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Lewis.

57. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

58. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

59. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

60. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

61. Defendant Lewis discriminated against Plaintiff S.M.T. based on her gender when he sexually abused her by physically subjecting her to sexual acts.

62. By these acts, Defendant Lewis caused Plaintiff S.M.T. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant Lewis)**
**(Cal. Civ. Code § 52.4)**

63. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

64. Plaintiff S.M.T. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Lewis.

*S.M.T. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 6

65. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

66. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

67. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

68. Plaintiff has a nonfrivolous argument that Defendant Lewis bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

69. Defendant Lewis discriminated against Plaintiff S.M.T. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

70. By these acts, Defendant Lewis caused Plaintiff S.M.T. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

71. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

72. Plaintiff S.M.T. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Defendant Lewis.

73. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

74. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

75. Defendant Lewis violated Plaintiff S.M.T.'s right to be free from sexual assault by sexually abusing her while she was incarcerated.

76. Defendant Lewis's sexual abuse of Plaintiff S.M.T. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

77. Defendant Lewis subjected Plaintiff S.M.T. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.T.'s person.

78. By intentionally subjecting Plaintiff S.M.T. to sexual acts, Defendant Lewis acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

79. By repeatedly subjecting Plaintiff S.M.T. to sexual acts, Defendant Lewis caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant Lewis)
### (California Common Law)

80. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

81. Plaintiff S.M.T. brings this claim for sexual assault for violation of her rights under California common law against Defendant Lewis.

82. Defendant Lewis violated Plaintiff S.M.T.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

83. Defendant Lewis's sexual abuse of Plaintiff S.M.T. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

84. Defendant Lewis subjected Plaintiff S.M.T. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.T.'s person.

85. By intentionally subjecting Plaintiff S.M.T. to sexual acts, Defendant Lewis acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

86. By repeatedly subjecting Plaintiff S.M.T. to sexual acts, Defendant Lewis caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

//

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

87.    Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

88.    Plaintiff S.M.T. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee Defendant Lewis.

89.    This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

90.    His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

91.    Defendant Lewis committed sexual battery against Plaintiff S.M.T. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

92.    The sexual abuse of Plaintiff S.M.T., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

93.    Defendant Lewis subjected Plaintiff S.M.T. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.T.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Lewis)**
**(Cal. Civ. Code § 1708.5)**

94.    Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

95.    Plaintiff S.M.T. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendant Lewis.

96.    Defendant Lewis committed battery against Plaintiff S.M.T. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

97. The sexual abuse of Plaintiff S.M.T., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

98. Defendant Lewis subjected Plaintiff S.M.T. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.M.T.'s person.

## SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (against Defendant United States)
#### (FTCA; California Common Law)

99. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

100. Plaintiff S.M.T. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Lewis.

101. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

102. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

103. Defendant Lewis engaged in outrageous conduct by repeatedly subjecting Plaintiff S.M.T. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff S.M.T. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

104. Defendant Lewis's sexual abuse caused Plaintiff S.M.T. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

105. Defendant Lewis intended to cause Plaintiff S.M.T. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## EIGHTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Lewis)
### (California Common Law)

106.    Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

107.    Plaintiff S.M.T. brings this claim for the intentional infliction of emotional distress against Defendant Lewis.

108.    Defendant Lewis engaged in outrageous conduct by repeatedly subjecting Plaintiff S.M.T. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff S.M.T. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

109.    Defendant Lewis's sexual abuse caused Plaintiff S.M.T. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

110.    Defendant Lewis intended to cause Plaintiff S.M.T. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## NINTH CLAIM FOR RELIEF
## BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

111.    Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

112.    Plaintiff S.M.T. was in the custody and control of the United States during all relevant times.

113.    Defendant Lewis violated Plaintiff S.M.T.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First

*S.M.T. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 11

Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

114. Defendant United States, by the actions of its employee Lewis, interfered with Plaintiff S.M.T.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

115. As a proximate result of these acts, Plaintiff S.M.T. sustained damage and injury.

### TENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

116. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

117. Defendant Lewis knowingly recruited, enticed, and solicited Plaintiff S.M.T. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

118. Defendant Lewis made Plaintiff S.M.T. engage in sex acts through force and coercion.

119. Defendant United States knew of, or should have reasonably known, that Defendant Lewis was soliciting Plaintiff S.M.T. in exchange for sex acts, and benefited by failing to protect Plaintiff S.M.T.

120. This conduct has caused Plaintiff S.M.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

*S.M.T. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 12

## ELEVENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
#### (against Defendant United States)
#### (FTCA; Cal. Civ. Code § 52.5)

121. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

122. Defendant Lewis knowingly recruited, enticed, and solicited Plaintiff S.M.T. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

123. Defendant Lewis made Plaintiff S.M.T. engage in sex acts through force and coercion.

124. Defendant United States knew or should have known that Defendant Lewis was engaged in these activities and intentionally placed Plaintiff S.M.T. at greater risk of harm and/or failed to act in a manner that protected Plaintiff S.M.T. from harm.

125. Defendant United States employed Defendant Lewis, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

126. This conduct has caused Plaintiff S.M.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## TWELFTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
#### (against Defendant Lewis)
#### (Cal. Civ. Code § 52.5)

127. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

128. Defendant Lewis knowingly recruited, enticed, and solicited Plaintiff S.M.T. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

129. Defendant Lewis made Plaintiff S.M.T. engage in sex acts through force and coercion.

130. Defendant knew or should have known that Defendant Lewis was engaged in these activities and intentionally placed Plaintiff S.M.T. in greater risk of harm and/or failed to act in a manner that protected Plaintiff S.M.T. from harm.

131. This conduct has caused Plaintiff S.M.T. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**THIRTEENTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**(against Defendant United States)**
**(FTCA; 28 U.S.C. § 2671, *et seq*.)**

132. Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

133. BOP staff failed to maintain Plaintiff S.M.T.'s scheduled appointments for medical care, causing unnecessary and unwarranted delays in her diagnosis and a complete lack of treatment.

134. BOP medical staff acted within the scope of their office or employment under circumstances where the Defendant United States, if it were a private person, would be liable to Plaintiff S.M.T. in accordance with the laws of the State of California.

135. Under California law, a claim for negligence requires that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused damages to the plaintiff.

136. Defendant United States did not provide medical treatment to Plaintiff S.M.T. and failed to provide her with medical care that would have assisted in effective management of her symptoms.

137. Under the Federal Tort Claims Act, Defendant United States is liable for these actions or omissions. Defendant is liable for the negligent acts of BOP employees acting on its behalf.

138. The actions of Defendant constitute negligence under California law.

139. Plaintiff S.M.T. is entitled to actual and compensatory damages individually.

//

*S.M.T. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 14

**FOURTEENTH CLAIM FOR RELIEF**
**PROFESSIONAL NEGLIGENCE**
**(against Defendant United States)**
**(FTCA; 28 U.S.C. § 2671, *et seq.*)**

140.   Plaintiff S.M.T. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

141.   BOP medical staff acted within the scope of their office or employment under circumstances where the Defendant United States, if it were a private person, would be liable to Plaintiff S.M.T. in accordance with the laws of the State of California.

142.   Under California law, a claim for professional negligence requires that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused damages to the plaintiff.

143.   Professional negligence by a correctional facility and its healthcare staff occurs whenever a person in custody is injured (or has an existing injury or illness worsened) due to being refused timely access to necessary treatment, medication, or evaluation by a physician after presenting a medical concern.

144.   BOP Medical staff breached their duty to Plaintiff S.M.T. when they denied her medication and failed to treat her injuries.

145.   Under the Federal Tort Claims Act, Defendant United States is liable for these actions or omissions. Defendant is liable for the negligent acts of BOP employees acting on its behalf.

146.   The actions of the Defendant constitute negligence under California law.

147.   Plaintiff S.M.T. is entitled to actual and compensatory damages individually.

**PRAYER FOR RELIEF**

148.   Plaintiff S.M.T. prays for judgment against Defendant, and each of them, as follows:

    (a)   An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff S.M.T. in an amount to be determined at trial;

    (b)   An award to Plaintiff S.M.T. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

    (c)   For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff S.M.T. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 19, 2026

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
    EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*